UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUAN CHAVEZ, | |
| Plaintiff, | 23-CV-5030 (LTS) |
| -against- | TRANSFER ORDER |
| DOE; MARIAN BROWN; BOBBY LUMPKIN; L.A. MUNI COURT, | |
| Defendants. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at Twin Towers Correctional Facility in Los

Angeles, California, brings this action *pro se*. He sues the Los Angeles Municipal Court, two

named individuals (Marian Brown and Bobby Lumpkin) and an unidentified "Doe" defendant.

For the following reasons, this action is transferred to the United States District Court for the

Central District of California.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents
of the State in which the district is located; (2) a judicial district in which a
substantial part of the events or omissions giving rise to the claim
occurred . . . ; or (3) if there is no district in which an action may otherwise be
brought as provided in this section, any judicial district in which any defendant is
subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is

domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28

U.S.C. § 1391(c)(1), (2).

Plaintiff's complaint is unclear but he appears to complain of events occurring in Los Angeles, California. He states, for example, "[The] L.A.P.D. took my spectacles. Blind." (ECF 1-1 at 1.) This apparently refers to conduct on the part of the Los Angeles Police Department in California. Plaintiff also attaches documents from the Los Angeles County Sheriff's Department about supplying him with an "indigent kit, no razor." (ECF 1-1 at 3.) He attaches a grievance form in which he asserts that his access to an "indigent kit" at Twin Towers Correctional Facility in Los Angeles, California, was intentionally delayed for more than 100 days. (*Id.* at 6.)

Plaintiff does not plead facts about where any defendant resides or whether any events giving rise to his claims took place within this district. It is therefore not clear that venue is proper in this district under 28 U.S.C. § 1391(b)(1) or (2). Plaintiff does seem to allege that a substantial part of his claims arose at the Twin Towers Correctional Facility in Los Angeles County, New York, which is within the Central District of California, Western Division. *See* 28 U.S.C. § 84(c)(2).

Under 28 U.S.C. § 1404(a), even where venue is proper in the district where the case was filed, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see*

*also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Transfer under Section 1404(a) appears to be appropriate in this case. The underlying events occurred in Los Angeles County, where Plaintiff is incarcerated and where at least one defendant (the Los Angeles Municipal Court) can be found. Plaintiff's choice of the Southern District of New York as the forum for his claims is entitled to less deference because he does not appear to reside in this district and the operative events did not occur in this district. Moreover, it is reasonable to assume that all documents and witnesses can be found in Los Angeles, California. The Central District of California thus appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Central District of California. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Central District of California, Western Division. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes the case in the Southern District of New York.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

 Dated:    June 22, 2023
           New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge